Filed 4/15/26  P. v. Rodarte CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B347224 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA359923) |
| v. | |
| RAUL REBELEZ RODARTE, | |
| Defendant and Appellant. | |

Raul Rebelez Rodarte (defendant) appeals the trial court's order summarily denying his petition for resentencing under Penal Code[1] section 1172.6.  Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  Defendant submitted a supplemental brief on his own behalf.  Under the standard articulated in *People v. Delgadillo*

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

(2022) 14 Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the argument defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding the argument non meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts[2]

#### A. *The underlying crime*

In August 2009, in broad daylight, defendant drove into the heart of a rival gang's territory, got out of his car, and opened fire with a semiautomatic pistol on a group of men gathered in front of a residence. He then returned to his car and drove away. One rival gang member was shot in the back and died; another was struck in the leg and survived. Eyewitnesses identified defendant as the shooter, and shell casings recovered from his car matched those found at the scene.

#### B. *Conviction and appeal*

In May 2010, the People charged defendant with (1) first degree murder (§ 187), and (2) premeditated attempted murder (§§ 187, subd. (a), 664), and as to each count alleged multiple firearm enhancements (§ 12022.53, subds. (b)-(d)) and a gang enhancement (§ 186.22, subd. (b)).

In 2012, a jury convicted defendant of the above charged counts and found true all of the allegations. The trial court sentenced defendant to 90 years to life in state prison, calculated as a sentence of 50 years to life for the murder (comprised of 25 years to life as the base sentence plus 25 years for the firearm enhancement), plus a consecutive sentence of 40 years to life for

---

[2] We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Rodarte* (Oct. 16, 2013, B241985) [nonpub. opn.].)

the attempted murder (comprised of a base sentence of 15 years to life plus 25 years for the firearm enhancement). A different panel of this court affirmed defendant's convictions and sentence.[3]

## II.    Procedural Background

In August 2024, defendant, representing himself, filed a petition for resentencing under section 1172.6 and requested counsel. The court appointed counsel. In mid-March 2025, the People filed their response to defendant's petition, and defendant thereafter filed a reply.

In May 2025, defendant, acting in propria persona, filed a petition for writ of habeas corpus asserting that the prosecution violated *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*) by failing to disclose information concerning the lead investigating officer, and further contending he was entitled to resentencing under recent amendments to the law. The court denied the petition, finding (1) it was not submitted in the required format; (2) defendant had an adequate alternative remedy in the pending motion for resentencing under section 1172.6; (3) a represented party has no right to concurrently present filings on his own behalf, and defendant was then represented by counsel in the resentencing proceeding; and (4) the petition did not allege with particularity any facts demonstrating misconduct by the investigating officer.

---

[3]    The Court affirmed the conviction but modified the judgment to impose and stay consecutive 10 and 20 year terms under section 12022.53, subdivisions (b) and (c) respectively; to impose a $30 court facilities assessment as to each count (Gov. Code, section 70373, subd. (a)(1)); and to correct custody credits.

On June 23, 2025, the court held a hearing to determine whether defendant had established a prima facie basis for relief under section 1172.6. The court summarily denied the petition, finding defendant ineligible as a matter of law because no jury instructions had been given regarding aiding and abetting, felony murder, the natural and probable consequences doctrine, or any theory that required that malice be imputed to him. Furthermore, defendant was the sole actor and his conviction of the enhancements for personal use of a firearm conclusively established that he was the actual killer.

Defendant filed this timely appeal.

## DISCUSSION

In 2018, our Legislature amended the definition of "murder" in our State to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).) As amended, liability for murder is limited to persons (1) who are *the actual killer*; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).)

As pertinent here, section 1172.6 is the procedural vehicle by which persons convicted of murder in now-final judgments can seek to vacate convictions that do not satisfy the currently permissible theories of homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section

4

1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""'whether the petitioner would be entitled to relief if [those] factual allegations were proved.'""" (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Patton* (2025) 17 Cal.5th 549, 563.)  "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition,'"" and "'conclusively'" "'establish[es] . . . that the defendant is ineligible for relief,'" then "'the court is justified in making a credibility determination adverse to the petitioner,'" and in summarily denying the petition.  (*Lewis*, at p. 971; *People v. Wilson* (2023) 14 Cal.5th 839, 869; *Patton*, at p. 563.)

Here, the record of conviction conclusively establishes that defendant is not eligible for relief under section 1172.6.  That is because (1) the jury was never instructed on aiding and abetting, the natural and probable consequences doctrine, the felony-murder doctrine, or any other theory of liability under which malice is imputed to a person based solely on their participation in a crime (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"]); and (2) defendant was prosecuted as the sole perpetrator, and therefore necessarily the actual killer (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer'"]).

In his supplemental briefing filed with this court, defendant does not challenge the trial court's ruling on his section 1172.6 petition.  Instead, he renews the arguments set

forth in his habeas petition challenging the validity of his conviction due to *Brady* violations regarding the lead investigating officer.  Such an attack is not cognizable in litigation under section 1172.6, as the purpose of section 1172.6 is *not* to afford an opportunity to obtain a new trial on the basis of trial error.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
MOOR

6